STEVEN G. KALAR
Federal Public Defender
SOPHIA WHITING
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:    (415) 436-7700
Facsimile:    (415) 436-7706
Email:          Sophia_Whiting@fd.org

Counsel for Defendant Carus

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SETH CARUS,<br><br>Defendant. | **Case No.:** CR 19–305 RS<br><br>**STIPULATION AND [PROPOSED] ORDER TO ADVANCE TELEPHONIC CHANGE OF PLEA HEARING** |

Seth Carus intends to enter a diversion contract and plea agreement with the government at the next hearing before the Court. Mr. Carus's 12-month diversionary period will not begin until Mr. Carus pleads guilty. The parties therefore jointly request to advance the hearing from May 19, 2020, at 2:30 p.m. to April 28 at 2:30 p.m. or as soon thereafter as the Court is available. The parties further stipulate and move the court to find that, for the foregoing specific reasons, the plea in this case cannot be further delayed without serious harm to the interests of justice, and should therefore be conducted by telephone, or video teleconference if reasonably available.

The Coronavirus Aid, Relief, and Economic Security (CARES) Act has temporarily amended Fed. R. Crim. Pro. 43 to allow felony pleas be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available if (1) the chief judge of the district

1

1    court specifically finds that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure

2    cannot be conducted in person without seriously jeopardizing public health and safety; and (2) the

3    district judge in a particular case finds for specific reasons that the plea in that case cannot be further

4    delayed without serious harm to the interests of justice.  The Court has issued General Order 74,

5    which makes the necessary district-wide finding that felony pleas cannot be conducted in person. The

6    parties hereby stipulate that Mr. Carus's plea cannot be further delayed without serious harm to the

7    interests of justice.

8        At the change of plea hearing, the government and Mr. Carus intend to enter thoughtfully

9    negotiated plea and diversion agreements. It would seriously harm the interests of justice to delay the

10   parties from entering these agreements. Mr. Carus's case has been pending since his arraignment on

11   November 15, 2019. Since that time, Mr. Carus has placed himself in a Sober Living Environment,

12   enrolled himself in intensive treatment programming, and has been abiding by the conditions of

13   pretrial release. He is prepared and eager to begin his diversionary period of 12 months. At the

14   beginning of the shelter-in-place orders and the Court's issuance of General Order 72, the Court

15   continued Mr. Carus's change of plea hearing from March 24, 2020, to May 19, 2020, with the

16   parties' agreement. At this time, no one knows when it will be safe for Mr. Carus to plead in person.

17   This is especially true because Mr. Carus suffers from multiple health issues stemming from severe

18   drug addiction and chronic homelessness, including adrenal fatigue, compromised lungs, and burn

19   wounds on his legs. He also lives in San Rafael, California, and does not have a car, so he is required

20   to take a taxi, rideshare, or public transportation to the courthouse. The COVID-19 pandemic will

21   therefore be an ongoing obstacle to having Mr. Carus plead in person. Beginning the diversionary

22   period as soon as possible is in Mr. Carus's best interest and the interest of justice. Mr. Carus is

23   prepared to plead either by telephone or videoconference.

24       The parties therefore stipulate and request the court to find that for the foregoing specific

25   reasons, the plea or sentencing in this case cannot be further delayed without serious harm to the

26   interests of justice, and should therefore be conducted by telephone, or video teleconference if

27   reasonably available, and should be advanced to April 28, 2020, or as soon thereafter as the Court is

28   available.

IT IS SO STIPULATED.

April 21, 2020
Dated

DAVID L. ANDERSON
United States Attorney
Northern District of California

/S

RYAN REZAEI
Assistant United States Attorney

April 21, 2020
Dated

STEVEN G. KALAR
Federal Public Defender
Northern District of California

/S

SOPHIA WHITING
Assistant Federal Public Defender

IT IS SO ORDERED.

_____
Dated

_____
HON. RICHARD SEEBORG
United States District Judge